# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0871V
(not to be published)

| | |
|---|---|
| JOHN BIRRELL-LEVINE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 8, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Douglas Lee Burdette*, Burdette Law, Sahuarita, AZ,, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 16, 2020, John Birrell-Levine filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration as a result of an influenza vaccine received on November 27, 2019. Petition at 1. On April 26, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 33.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 23, 2022 (ECF No. 37), requesting a total award of $10,063.49 (representing $9,440.55 in fees and $622.94 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 37-3. Respondent reacted to the motion on September 16, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 38. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorneys D. Lee Burdette at the rate of $425 per hour, and for attorney Kelly Burdette at the rate of $300 per hour, for all time billed between 2020-22. ECF No. 37 at 2. These rates are not appropriate for all relevant years work was performed on this matter, however. Mr. D. Burdette has previously been awarded the rate of $400 per hour for work performed in 2020-21, and Ms. K. Burdette has been awarded the rate of $275 per hour for the same timeframe. *See Halcrow v. Sec'y of Health & Human Servs.,* No. 16-212V, 2020 WL 3496142 (Fed. Cl. Spec. Mstr. Jun. 3, 2020); *Peterson v. Sec'y of Health & Human Servs.,* No. 18-1766V, 2020 WL 6325539 (Fed. Cl. Spec. Mstr. Sept. 28, 2020); *Garcia v. Sec'y of Health & Human Servs.,* No. 18-0401V, 2021 WL 839082 (Fed. Cl. Spec. Mstr. Jan. 28, 2021); *De La Fuente v. Sec'y of Health & Human Servs.,* No. 18-1702V, 2021 WL 3916895 (Fed. Cl. Spec. Mstr. Jul. 27, 2021).

I agree with the reasoning of these prior decisions in adopting these rates, and therefore similarly reduce Mr. D. Burdette's and Ms. K. Burdett's rates to those previously awarded for work performed in that timeframe. This results in a reduction of **$296.25**.[3] For time billed in 2022, however, the requested increases of $425 for Mr. D. Burdette and $300 per hour for Ms. K. Burdette are appropriate and will be awarded.

## ATTORNEY COSTS

Petitioner requests $622.92 in overall costs. ECF No. 37-1 at 6. This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion, awarding a total of **$9,767.24** (representing $9,144.30 in fees and $622.94 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel. In the absence of a timely-

---

[3] This amount consists of ($425 - $400 = $25 x 8.2 hrs = $205) + ($300 - $275 = $25 x 3.65 hrs = $91.25) = $296.25.

filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.